**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 7 |
| JC TOPCO, INC., *et al.*,[1] | : | |
| | : | Case Nos. 25-10403 through |
| Debtors. | : | 25-10416 |

# SCHEDULES OF ASSETS AND LIABILITIES FOR JACK COOPER RAIL AND SHUTTLE, LLC (CASE NO. 25-10412)

[1] The Debtors and the last four digits of their respective federal tax identification numbers are: JC TopCo, Inc. (7681); JC Parent Corporation (3078); JC Intermediate Holdings, Inc. (5218); Jack Cooper Investments, Inc. (1882); Jack Cooper Equipment Leasing, LLC; Jack Cooper Holdings, LLC (7760); Jack Cooper Rail & Intermodal, LLC (2021); Jack Cooper Diversified II, LLC (3651); Jack Cooper Transport Company, LLC (6846); Auto Handling, LLC (7335); North American Auto Transportation, LLC (7591); Jack Cooper Retail and Shuttle, LLC (9017); Auto & Boat Relocation Services Company, LLC (8563); Jack Cooper CT Services, LLC (6698); and Jack Cooper Logistics II, LLC (9518).

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ---------------------------------------------------- | x | |
| In re: | : | |
| | : | |
| JC TOPCO, INC., *et al.*,[1] | : | Chapter 7 |
| | : | |
| Debtors. | : | Case Nos. 25-10403 through 25-10416 |
| | : | |
| | : | |
| | : | |
| ---------------------------------------------------- | x | |

**GLOBAL NOTES, AND STATEMENT OF LIMITATIONS, METHODOLOGIES AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

The above captioned debtors (collectively, the "Debtors"), with the assistance of their advisors, have each filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements" and, together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

On March 8, 2025 (the "Petition Date"), the Debtors each filed a voluntary petition (collectively, the "Petitions") in the Bankruptcy Court under chapter 7 of the Bankruptcy Code. On March 10, 2025, Alfred T. Giuliano was appointed as the interim chapter 7 trustee of the Debtors.

The Schedules and Statements were prepared by the Debtors' former management and are unaudited. Although the Debtors' former management has made reasonable efforts to accurately and completely disclose the assets, liabilities and other required information on the Schedules and Statements on an unconsolidated basis, the Schedules and Statements are based on information known to them at the time of the preparation and subsequent information or

[1] The Debtors and the last four digits of their respective federal tax identification numbers are: JC TopCo, Inc. (7681); JC Parent Corporation (3078); JC Intermediate Holdings, Inc. (5218); Jack Cooper Investments, Inc. (1882); Jack Cooper Equipment Leasing, LLC; Jack Cooper Holdings, LLC (7760); Jack Cooper Rail & Intermodal, LLC (2021); Jack Cooper Diversified II, LLC (3651); Jack Cooper Transport Company, LLC (6846); Auto Handling, LLC (7335); North American Auto Transportation, LLC (7591); Jack Cooper Retail and Shuttle, LLC (9017); Auto & Boat Relocation Services Company, LLC (8563); Jack Cooper CT Services, LLC (6698); and Jack Cooper Logistics II, LLC (9518).

discovery may result in material changes to the Schedules and Statements. Accordingly, inadvertent errors or omissions may exist in the Schedules and Statements. Moreover, because the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, there can be no assurance that these Schedules and Statements are wholly accurate and complete. In no event shall the Debtors or their agents, attorneys and/or financial advisors be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys and/or financial advisors are advised of the possibility of such damages. Further, nothing in the Schedules and Statements shall be binding against, or considered an admission by, any individual, including the Debtors' former management.

These Global Notes and Statement of Limitations, Methods and Disclaimer Regarding the Debtors' Schedules and Statements (the "Global Notes") pertain to, are incorporated by reference in, and constitute an integral part of, each of the Debtors' Schedules and Statements. Any party reviewing the Schedules and Statements should refer to, consider and consult with the Global Notes in connection with such review.

Mr. Gregory Endecott, who was the former Chief Financial Officer of Debtor Jack Cooper Investments, Inc., signed the Petitions and the Schedules and Statements in his capacity as a "Designated Officer." In connection with his review and execution of the Schedules and Statements, Mr. Endecott necessarily has relied upon the efforts, statements and representations of a variety of the Debtors' personnel and advisors. Mr. Endecott has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including, without limitation, statements and representations concerning amounts owed to creditors, the classification of such amounts and creditor addresses.

## Global Notes

1. **Amendment and Reservation of Rights**

   a. While the Debtors' former management has exercised reasonable efforts to ensure that the Schedules and Statements are accurate and complete by legal entity based on information that was available at the time of preparation, inadvertent errors, omissions or inaccuracies may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time as may be necessary and appropriate, but they are under no obligation to do so.

   b. The Debtors and their advisors have made reasonable efforts to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions in the Schedules and Statements may exist. For example, the designation of a category is not meant to be wholly inclusive or descriptive of the rights or obligations represented by such item. Further, due to the complexity and size of the Debtors' businesses, the Debtors may have improperly characterized, classified, categorized or designated certain items. In addition, certain items reported in the

Schedules and Statements may be included in more than one category. Accordingly, the Debtors reserve the right to amend, supplement or otherwise modify the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate to recharacterize, reclassify, recategorize or redesignate any items reported in the Schedules and Statements

## 2. Basis of Presentation

a. For financial reporting purposes, the Debtors, along with their non-Debtor subsidiaries, prepare consolidated financial statements and are audited annually. Unlike the consolidated financial statements, these Schedules and Statements reflect the assets and liabilities of each separate Debtor. In addition, not all of the Debtors' direct and indirect subsidiaries are Debtors in these chapter 7 cases. Accordingly, combining the assets and claims set forth in the Schedules and Statements of the Debtors would result in amounts that would be substantially different from financial information for Jack Cooper Investments, Inc. and its respective consolidated subsidiaries that would be prepared under Generally Accepted Accounting Principles ("GAAP"). Therefore, these Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP.

## 3. General Assumptions

a. Reporting Date. All asset and liability information contained in the Schedules and Statements is as of the end of business on January 31, 2025, except where otherwise noted.

b. Unaudited. The books and records and the financial statements of the Debtors utilized to complete the information contained in the Schedules and Statements are unaudited and the Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP, federal or state securities laws or other applicable non-bankruptcy law.

c. Book Value. Unless otherwise noted, all amounts included in the Schedules reflect net book value as of the Petition Date. Various questions within the Schedules request "Current Value" or "Current Market Value." Given the number of Debtors and complexity of their business, the process of calculating, obtaining, or verifying "Current Market Value" would be prohibitively expensive, unduly burdensome and an inefficient use of estate resources.

   Certain assets may not appear in the Schedules and Statements because the Debtors have depreciated the entire book value of such assets or otherwise expensed such assets in their entirety. Furthermore, certain of the Debtors have assets related to their ultimate equity interests in certain non-Debtor affiliates, the market value of which may differ significantly from the reported book value. The Schedules and Statements of such Debtors reflect only the undetermined book value of the Debtors' ownership of their direct subsidiaries.

Nothing in the Schedules and Statements shall be, or shall be deemed to be, an admission that any Debtor was solvent or insolvent as of the Petition Date.

d. Currency. All amounts are reflected in U.S. dollars, unless otherwise indicated. Assets and liabilities denominated in foreign currencies were translated into U.S. dollars at reasonable market exchange rates.

e. Estimates. The preparation of the Schedules and Statements required the Debtors to make certain estimates and assumptions that affected the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities and the reported amounts of revenues and expenses. Actual results could differ materially from these estimates.

f. Totals. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

g. Undetermined Amounts. The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

h. Consolidated Cash Management System. The Debtors utilize a consolidated cash management system and, as such, the disbursements of various Debtors are paid by or through a limited number of Debtor bank accounts, notwithstanding that certain of those disbursements may relate to obligations of other Debtors. Accordingly, pre-petition disbursements reported in the Statements have been reported based on the Debtor that maintains the bank account from which payments or distributions were made. The main disbursement accounts are held in the name of Jack Cooper Investments, Inc. and thus, the vast majority of disbursements are reported on such Debtor's Statements.

i. Causes of Action. Despite their reasonable efforts to identify all known assets, the Debtors may not have set forth all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements. Neither the Global Notes nor the Schedules and Statements constitute a waiver of such causes of action or, in any way, prejudice or impair the assertion of any of the same.

j. Property and Equipment – Leased. In the ordinary course of their businesses, the Debtors lease equipment from certain third-party lessors for use in the Debtors' daily operation and otherwise hold property owned by third-parties pursuant to contracts with such parties. Any such leases or contracts are set forth in Schedule G based on the Debtors' reasonable efforts to identify such leases. The property subject to any of such leases or contracts is not reflected in either Schedule A or Schedule B as either owned property or assets of the Debtors. Nor is such property reflected in the Debtors' Statements as property or assets of third-parties within the control of the Debtors.

k. Claims Description. Any failure to designate a claim listed on the Debtors' Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent" or "unliquidated" or that such claim is not subject to objection.

l. Excluded Assets and Liabilities. The Debtors have excluded certain categories of assets, tax accruals and liabilities from the Schedules and Statements, including, without limitation, goodwill, accrued salaries, certain employee benefit accruals, accrued accounts payable, customer deposits and deferred gains. The Debtors also have not attempted to anticipate rejection damage claims of counterparties to executory contracts and unexpired leases that may arise out of future contract or lease rejections. In addition, certain immaterial assets and liabilities may have been. excluded.

m. Global Notes Control. In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

n. Intellectual Property. The Debtors' inadvertent exclusion of any intellectual property from the Schedules and Statements is not an admission that the Debtors have abandoned, terminated or assigned such intellectual property or that such intellectual property has expired by its own terms or was transferred pursuant to a sale, acquisition or other transaction. Conversely, the Debtors' inclusion of any intellectual property in the Schedules and Statements is not an admission that the Debtors have not abandoned, terminated or assigned such intellectual property or that such intellectual property has not expired by its own terms or was not transferred pursuant to a sale, acquisition or other transaction.

o. Definition of Insiders. Persons listed as "insiders" have been included for informational purposes only and shall not be binding on any party.

**4. Specific Schedules of Assets and Liabilities Disclosures**

a. Non-publicly traded stock (AB15). Ownership interests in subsidiaries, partnerships and joint ventures have been identified in AB15 in an undetermined amount because the fair market value of any such ownership interest is dependent on numerous variables and factors that may cause its fair market value to differ materially from its net book value.

b. Office Furniture, Fixtures, and Equipment (AB38 thru AB45). In the Debtors' books and records, office equipment is included in one trial balance account. As such, the Debtors have not broken out office equipment by office furniture, office fixtures, and office equipment. All amounts are included under AB41: Office Equipment.

c. Collectibles (AB42). The Debtors are not in the business of buying or selling collectibles including, but not limited to, art and artifacts. The Debtors do however own various pieces of artwork located in their offices. To the extent this artwork was capitalized when purchased, it is included in AB41: Office Equipment.

d. Domain Names and Websites (AB61). The Debtors own rights to various website domain names. These assets were expensed at the time of purchase and are therefore not included in the Debtors' books and records in accordance with GAAP. Due to the number of domain names, each has not been listed individually in the Schedules and the value has been included as "Undetermined."

e. Intercompany Accounts. Prior to the filing, the Debtors routinely engaged in intercompany transactions with other Debtors and non-Debtor subsidiaries and affiliates. Intercompany balances are listed on both AB77 (Other Property) as well as Schedule F (Unsecured Nonpriority Creditors). Intercompany balances were not offset prior to inclusion in the Schedules, and it is possible that a Debtor may have both a debit and credit balance included in the Schedules.

f. Contingent Assets. The Debtors exercised reasonable efforts to identify contingent assets although certain errors or omissions may exist. The Debtors reserve their rights to supplement the Schedules and Statements for such items at a later date.

g. Schedule D. Creditors' claims on Schedule D arose or were incurred on various dates. In certain instances, the date on which such claim arose is an open issue of fact.

   The descriptions provided on Schedule D are intended only as a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.

h. Schedule E/F. The Debtors have made reasonable efforts to report all priority and general unsecured claims against the Debtors on Schedule E/F based upon the Debtors' books and records as of the Petition Date.

   Claims owed or potentially owed to various taxing authorities are listed on the Debtors' Schedule E/F. Certain of the tax claims may be subject to on-going audits, and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the tax claims listed on Schedule E/F. Therefore, the Debtors have listed all such claims as "Undetermined" in amount, pending final resolution of on-going audits or outstanding issues. In addition, there may be other numerous contingent, unliquidated claims from state taxing authorities, not all of which are listed.

   Schedule E/F contains information related to employee claims. Most, but not all, of these claims have been categorized as "contingent" or "unliquidated".

   The claims of individual creditors for among other things, products, goods or services

are listed as either the lower of the amounts invoiced by the creditor or the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the Debtors. The claims listed on Schedule E/F arose or were incurred on various dates, and in certain instances, the date on which a claim arose may be an open issue of fact. While commercially reasonable efforts have been made, determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors have listed "various" each claim listed on Schedule E/F. The claims listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code.

Schedule E/F contains information regarding pending litigation involving the Debtors. To the extent multiple Debtors were named as defendants in a pending litigation, the Debtors made reasonable efforts to list the pending litigation as a claim on Schedule E/F of each respective Debtor. However, certain omissions may have occurred. The inclusion of any litigation action in the Schedules and Statements does not constitute an admission by the Debtors of any liability, the validity of any litigation, or the amount of any potential claim that may result from any claims with respect to any litigation action and the amount and treatment of any potential claim resulting from any litigation action currently pending or that may arise in the future.

Schedule E/F includes intercompany payables between Debtors and various non-Debtors.

Schedule E/F does not include certain deferred charges, deferred liabilities, accruals or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, they are reflected on the Debtors' books and records as required in accordance with GAAP.

i. Schedule G. The Debtors' businesses are complex. Although the Debtors' books, records, financial systems and contracts management systems have been relied upon to identify and schedule executory contracts for each of the Debtors and reasonable efforts have been made to ensure the accuracy of the Schedule G, inadvertent errors, omissions, or overinclusion may have occurred. The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppels, certificates, letters, memoranda and other documents, instruments and agreements that may not be listed on Schedule G, despite the Debtors' use of reasonable efforts to identify such documents. In some cases, the same supplier or provider may appear multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

Certain of the contracts, agreements and leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers,

duties and obligations are not separately set forth on Schedule G. Unless otherwise identified on Schedule G, each contract, agreement and lease identified therein shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements or other agreements made directly or indirectly by any such agreement, instrument or other document that in any manner affects such contract, agreement and lease, without respect to whether such contract, agreement and lease is listed therein.

Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease.

The Debtors have included certain interests in real property such as easements, rights of way and other similar interests on Schedule G.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of business, such as subordination, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. Certain of the contracts, agreements and leases listed on Schedule G may have been entered into by more than one of the Debtors. Further, the specific Debtor obligor to certain of the executory contracts could not be specifically ascertained in every circumstance. In such cases, the Debtors made their best efforts to determine the correct Debtors' Schedule G on which to list such executory contract or unexpired lease. Certain of the executory contracts may not have been memorialized and could be subject to dispute. Each unexpired lease listed in Schedule G may include one or more ancillary documents, including but not limited to any underlying assignment and assumption agreements, amendments, supplements, full and partial assignments, renewals and partial releases. Executory contracts that are oral in nature, if any, have not been included on Schedule G. Schedule G does not constitute an admission that any such contract or agreement is an executory contract or unexpired lease.

Finally, before the Petition Date, certain lessors may have repossessed equipment subject to leases. However, as the Debtors may not have an accurate accounting of such repossessions, Schedule G is based on the best information available as of the Petition Date.

j. Schedule H. The Debtors have made reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, the "Guarantees") in each of the executory contracts, unexpired leases, secured financings, debt instruments and other such agreements to which any Debtor is a party. However, the Debtors may not have identified all Guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. In addition, certain of the Guarantees reflected on Schedule H, if

any, may have expired or no longer be enforceable. In the ordinary course of their business, the Debtors may be involved in pending or threatened litigation and claims arising out of certain ordinary business transactions. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross claims or counter-claims against other parties. Due to the volume of such claims, and because all such claims are contingent, unliquidated and disputed, and listed elsewhere in the Schedules and Statements, such claims have not been set forth individually on Schedule H.

**5. Additional Notes**

a. Claims of Third-Party Related Entities. Although the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations to both such entity and its affiliates. Therefore, to the extent that the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

b. Umbrella Agreements. A number of contracts listed in the Schedules and Statements are umbrella agreements that cover some or all of the Debtors. Such agreements have been listed in the Schedules and Statements of the Debtor that was the main signatory to the agreement, although more than one of the Debtors may be obligated under the agreement.

**Fill in this information to identify the case:**

Debtor Name: In re : Jack Cooper Rail and Shuttle, LLC

United States Bankruptcy Court for the: District of Delaware

Case number (if known): 25-10412 (BLS)

☐ Check if this is an amended filing

# Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

**12/15**

### Part 1: Summary of Assets

1. ***Schedule A/B: Assets–Real and Personal Property*** (Official Form 206A/B)

| | |
|---|---|
| 1a. **Real property:** Copy line 88 from *Schedule A/B* | $ 0.00 |
| 1b. **Total personal property:** Copy line 91A from *Schedule A/B* | $ 1,253,246.85 |
| 1c. **Total of all property:** Copy line 92 from *Schedule A/B* | $ 1,253,246.85 |

### Part 2: Summary of Liabilities

| | |
|---|---|
| 2. ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D) Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* | $ 215,915,623.24 |
| 3. ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F) | |
| 3a. **Total claim amounts of priority unsecured claims:** Copy the total claims from Part 1 from line 5a of *Schedule E/F* | $ 0.00 |
| 3b. **Total amount of claims of nonpriority amount of unsecured claims:** Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* | + $ 693,323.94 |
| 4. **Total liabilities** Lines 2 + 3a + 3b | $ 216,608,947.18 |

| Fill in this information to identify the case: |
|---|
| Debtor Name: In re : Jack Cooper Rail and Shuttle, LLC |
| United States Bankruptcy Court for the: District of Delaware |
| Case number (if known): 25-10412 (BLS) |

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

12/15

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

**For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.**

## Part 1: Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

☑ No. Go to Part 2.

☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. **Cash on hand**

$

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| | | | $ |

4. **Other cash equivalents** *(Identify all)*

$

5. **Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80. $ 0.00

## Part 2: Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.
☐ Yes. Fill in the information below.

**Current value of debtor's interest**

7. **Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

$

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

$

9. **Total of Part 2.**
Add lines 7 through 8. Copy the total to line 81. $ 0.00

## Part 3: Accounts receivable

10. **Does the debtor have any accounts receivable?**

- ☐ No. Go to Part 4.
- ☑ Yes. Fill in the information below.

**Current value of debtor's interest**

11. **Accounts receivable**

| | | Description | face amount | doubtful or uncollectible accounts | | Current value of debtor's interest |
|---|---|---|---|---|---|---|
| 11a. | 90 days old or less: | Trade AR less than 90 days aged | $ 54,168.00 | - $ 0.00 | =..... ➔ | $ 54,168.00 |
| 11b. | Over 90 days old: | Trade AR over 90 days aged | $ 675.00 | - $ 675.00 | =..... ➔ | $ 0.00 |

12. **Total of Part 3.**
Current value on lines 11a + 11b = line 12. Copy the total to line 82. $ 54,168.00

## Part 4: Investments

13. **Does the debtor own any investments?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|
| 14. **Mutual funds or publicly traded stocks not included in Part 1** | | |
| Name of fund or stock: | | |
| | | $ |
| 15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture** | | |
| Name of entity: % of ownership: | | |
| | | $ |
| 16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1** | | |
| Describe: | | |
| | | $ |

17. **Total of Part 4.**
Add lines 14 through 16. Copy the total to line 83. $ 0.00

## Part 5: Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**
- ☑ No. Go to Part 6.
- ☐ Yes. Fill in the information below.

| | General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|---|
| 19. **Raw materials** | | | $ | | $ |
| 20. **Work in progress** | | | $ | | $ |
| 21. **Finished goods, including goods held for resale** | | | $ | | $ |
| 22. **Other inventory or supplies** | | | $ | | $ |

23. **Total of Part 5.**
Add lines 19 through 22. Copy the total to line 84. $ 0.00

24. **Is any of the property listed in Part 5 perishable?**
- ☐ No
- ☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
- ☐ No
- ☐ Yes. Description ______ Book value $ ______ Valuation method ______ Current value $ ______

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
- ☐ No
- ☐ Yes

## Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested** | | | |
| | $ | | $ |
| 29. **Farm animals** *Examples:* Livestock, poultry, farm-raised fish | | | |
| | $ | | $ |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| | $ | | $ |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |
| | $ | | $ |
| 32. **Other farming and fishing-related property not already listed in Part 6** | | | |
| | $ | | $ |

33. **Total of Part 6.**
Add lines 28 through 32. Copy the total to line 85. $ 0.00

34. **Is the debtor a member of an agricultural cooperative?**

☐ No
☐ Yes. Is any of the debtor's property stored at the cooperative?
  ☐ No
  ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No
☐ Yes. Description ____ Book value $ ____ Valuation method ____ Current value $ ____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No
☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No
☐ Yes

## Part 7: Office furniture, fixtures, and equipment; and collectibles

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| | $ | | $ |
| 40. **Office fixtures** | | | |
| | $ | | $ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| | $ | | $ |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings,prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| | $ | | $ |

43. **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86. $ 0.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 8: Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

- ☐ No. Go to Part 9.
- ☑ Yes. Fill in the information below.

| **General description**<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | **Net book value of debtor's interest**<br>(Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|
| 47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 See Schedule A/B 47 Attachment | $ 0.00 | | $ Undetermined |
| 48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 None | $ | | $ |
| 49. **Aircraft and accessories** | | | |
| 49.1 None | $ | | $ |
| 50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| 50.1 None | $ | | $ |

51. **Total of Part 8.**
Add lines 47 through 50. Copy the total to line 87. $ 0.00

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

- ☐ No
- ☑ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

- ☑ No
- ☐ Yes

## Part 9: Real property

54. **Does the debtor own or lease any real property?**

☐ No. Go to Part 10.

☑ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| **Description and location of property**<br><br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | **Nature and extent of debtor's interest in property** | **Net book value of debtor's interest**<br><br>(Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|---|
| 55.1 See Schedule A/B 55 Attachment | | $ 0.00 | | $ Undetermined |

56. **Total of Part 9.**
Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88. $ 0.00

57. **Is a depreciation schedule available for any of the property listed in Part 9?`**

☐ No

☑ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No

☐ Yes

## Part 10: Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | | | |
| | $ | | $ |
| 61. **Internet domain names and websites** | | | |
| | $ | | $ |
| 62. **Licenses, franchises, and royalties** | | | |
| | $ | | $ |
| 63. **Customer lists, mailing lists, or other compilations** | | | |
| | $ | | $ |
| 64. **Other intangibles, or intellectual property** | | | |
| | $ | | $ |
| 65. **Goodwill** | | | |
| | $ | | $ |

66. **Total of Part 10.**
Add lines 60 through 65. Copy the total to line 89. $ 0.00

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

☐ No

☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 11: All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.
☑ Yes. Fill in the information below.

**Current value of debtor's interest**

71. **Notes receivable**

| Description (include name of obligor) | Total face amount | doubtful or uncollectible accounts | | Current value of debtor's interest |
|---|---|---|---|---|
| 71.1 None | $ | - $ | =..... ➔ | $ |

72. **Tax refunds and unused net operating losses (NOLs)**

| Description (for example, federal, state, local) | Tax year | Current value of debtor's interest |
|---|---|---|
| 72.1 None | | $ |

73. **Interests in insurance policies or annuities**

73.1 None — $

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1 None — $

**Nature of claim**

**Amount requested** $

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1 None — $

**Nature of claim**

**Amount requested** $

76. **Trusts, equitable or future interests in property**

76.1 None — $

77. **Other property of any kind not already listed** *Examples*: Season tickets, country club membership

77.1 See Schedule A/B 77 Attachment — $ 1,199,078.85

78. **Total of Part 11.**
Add lines 71 through 77. Copy the total to line 90. — $ 1,199,078.85

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No
☐ Yes

Debtor: Jack Cooper Rail and Shuttle, LLC
Name

Case number *(if known)*: 25-10412

## Part 12: Summary

In Part 12 copy all of the totals from the earlier parts of the form.

| | Type of property | Current value of personal property | | Current value of real property |
|---|---|---|---|---|
| 80. | **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 0.00 | | |
| 81. | **Deposits and prepayments.** *Copy line 9, Part 2*. | $ 0.00 | | |
| 82. | **Accounts receivable.** *Copy line 12, Part 3.* | $ 54,168.00 | | |
| 83. | **Investments.** *Copy line 17, Part 4.* | $ 0.00 | | |
| 84. | **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | | |
| 85. | **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | | |
| 86. | **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | | |
| 87. | **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | | |
| 88. | **Real property.** *Copy line 56, Part 9*.......................................................➔ | | | $ 0.00 |
| 89. | **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | | |
| 90. | **All other assets.** *Copy line 78, Part 11.* | $ 1,199,078.85 | | |
| 91. | **Total.** Add lines 80 through 90 for each column..............................91a. | $ 1,253,246.85 | + 91b. | $ 0.00 |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ........................................................................ $ 1,253,246.85

**Fill in this information to identify the case:**

Debtor Name: In re : Jack Cooper Rail and Shuttle, LLC

United States Bankruptcy Court for the: District of Delaware

Case number (if known): 25-10412 (BLS)

☐ Check if this is an amended filing

# Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible.**

1. **Do any creditors have claims secured by debtor's property?**
   - ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   - ☑ Yes. Fill in all of the information below.

**Part 1: List Creditors Who Have Secured Claims**

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|
| 2.1 **Creditor's name:** Cerberus Business Finance Agency, LLC<br>**Describe debtor's property that is subject to a lien:** Substantially all assets | $ 215,915,623.24 | $ Undetermined |

**Creditor's mailing address**

Notice Name:

Street: 875 Third Avenue

City: New York State: NY ZIP Code: 10022

Country:

**Creditor's email address, if known**

**Date debt was incurred** 6/28/2018

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

- ☑ No
- ☐ Yes. Have you already specified the relative priority?
  - ☐ No. Specify each creditor, including this creditor, and its relative priority.
  - ☐ Yes. The relative priority of creditors is specified on lines

**Describe the lien**

First lien

**Is the creditor an insider or related party?**

- ☑ No
- ☐ Yes

**Is anyone else liable on this claim?**

- ☐ No
- ☑ Yes. Fill out *Schedule H: Codebtors(Official Form 206H).*

**As of the petition filing date, the claim is:**
Check all that apply.

- ☑ Contingent
- ☑ Unliquidated
- ☐ Disputed

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.** $ 215,915,623.24

## Part 2: List Others to Be Notified for a Debt Already Listed in Part 1

**List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.**

**If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.**

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| Name<br>Notice Name<br>Street<br>City State ZIP Code<br>Country | Line ____ | ____ |

**Fill in this information to identify the case:**

Debtor Name: In re : Jack Cooper Rail and Shuttle, LLC

United States Bankruptcy Court for the: District of Delaware

Case number (if known): 25-10412 (BLS)

☐ Check if this is an amended filing

# Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

**12/15**

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

**Part 1:** **List All Creditors with PRIORITY Unsecured Claims**

1. **Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

☑ No. Go to Part 2.

☐ Yes. Go to Line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|
| 2.1 **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $ | $ |

Creditor Name

Creditor's Notice name

Address

City State ZIP Code

Country

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ()

*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☐ No

☐ Yes

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

**Amount of claim**

3.1 **Nonpriority creditor's name and mailing address**

Auto & Boat Relocation Services Company, LLC
Creditor Name

Creditor's Notice name

2345 Grand Blvd
Address

Ste. 2400

| Kansas City | MO | 64108 |
|---|---|---|
| City | State | ZIP Code |

Country

**As of the petition filing date, the claim is:** $ 9,445.00
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Intercompany Accounts

**Date or dates debt was incurred**
Various

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

3.2 **Nonpriority creditor's name and mailing address**

Auto Handling, LLC
Creditor Name

Creditor's Notice name

2345 Grand Blvd
Address

Ste. 2400

| Kansas City | MO | 64108 |
|---|---|---|
| City | State | ZIP Code |

Country

**As of the petition filing date, the claim is:** $ 13,580.00
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Intercompany Accounts

**Date or dates debt was incurred**
Various

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

3.3 **Nonpriority creditor's name and mailing address**

Jack Cooper Holdings, LLC
Creditor Name

Creditor's Notice name

2345 Grand Blvd
Address

Ste. 2400

Kansas City | MO | 64108
City | State | ZIP Code

Country

**Date or dates debt was incurred**
Various

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** $ 2,648.98
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Intercompany Accounts

**Is the claim subject to offset?**
☑ No
☐ Yes

3.4 **Nonpriority creditor's name and mailing address**

Jack Cooper Investments, Inc.
Creditor Name

Creditor's Notice name

2345 Grand Blvd
Address

Ste. 2400

Kansas City | MO | 64108
City | State | ZIP Code

Country

**Date or dates debt was incurred**
Various

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** $ 659,326.61
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Intercompany Accounts

**Is the claim subject to offset?**
☑ No
☐ Yes

3.5 **Nonpriority creditor's name and mailing address**

Jack Cooper Logistics II, LLC
Creditor Name

Creditor's Notice name

2345 Grand Blvd
Address

Ste. 2400

Kansas City | MO | 64108
City | State | ZIP Code

Country

**Date or dates debt was incurred**

Various

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** $ 8,323.35

*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

Intercompany Accounts

**Is the claim subject to offset?**

☑ No
☐ Yes

## Part 3: List Others to Be Notified About Unsecured Claims

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.**
**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| Name<br>Notice Name<br>Street<br><br>City / State / ZIP Code<br>Country | Line<br>☐ Not Listed.Explain | |

## Part 4: Total Amounts of the Priority and Nonpriority Unsecured Claims

5. **Add the amounts of priority and nonpriority unsecured claims.**

| | | | Total of claim amounts |
|---|---|---|---|
| 5a. | **Total claims from Part 1** | 5a. | $ 0.00 |
| 5b. | **Total claims from Part 2** | 5b. + | $ 693,323.94 |
| 5c. | **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ 693,323.94 |

**Fill in this information to identify the case:**

Debtor Name: In re : Jack Cooper Rail and Shuttle, LLC

United States Bankruptcy Court for the: District of Delaware

Case number (if known): 25-10412 (BLS)

☐ Check if this is an amended filing

# Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

**12/15**

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

2. **List all contracts and unexpired leases** — **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease**

| | | |
|---|---|---|
| 2.1 **State what the contract or lease is for and the nature of the debtor's interest** | Guaranty | Daimler Truck Financial Services USA, LLC<br>Name<br><br>Notice Name<br>14372 Heritage Parkway, Suite 400<br>Address<br>Fort Worth (City) TX (State) 76177 (ZIP Code)<br>Country |
| **State the term remaining** | | |
| **List the contract number of any government contract** | | |
| 2.2 **State what the contract or lease is for and the nature of the debtor's interest** | Agreement / Contract | Daimler Truck Financial Services USA, LLC<br>Name<br><br>Notice Name<br>14372 Heritage Parkway, Suite 400<br>Address<br>Fort Worth (City) TX (State) 76177 (ZIP Code)<br>Country |
| **State the term remaining** | | |
| **List the contract number of any government contract** | | |

**Fill in this information to identify the case:**

Debtor Name: In re : Jack Cooper Rail and Shuttle, LLC

United States Bankruptcy Court for the: District of Delaware

Case number (if known): 25-10412 (BLS)

☐ Check if this is an amended filing

# Official Form 206H

## Schedule H: Codebtors

**12/15**

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

1. **Does the debtor have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G.*** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.1 | Auto & Boat Relocation Services Company, LLC | 2345 Grand Blvd (Street)<br>Ste. 2400<br>Kansas City (City), MO (State), 64108 (ZIP Code)<br>Country | Cerberus Business Finance Agency, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.2 | Auto & Boat Relocation Services Company, LLC | 2345 Grand Blvd (Street)<br>Ste. 2400<br>Kansas City (City), MO (State), 64108 (ZIP Code)<br>Country | Daimler Truck Financial Services USA, LLC | ☐ D<br>☐ E/F<br>☑ G |

| | | | | | |
|---|---|---|---|---|---|
| 2.3 | Auto Handling, LLC | 2345 Grand Blvd<br>Street<br>Ste. 2400<br><br>Kansas City (City), MO (State), 64108 (ZIP Code)<br>Country: | Cerberus Business Finance Agency, LLC | ☑ D ☐ E/F ☐ G |
| 2.4 | Auto Handling, LLC | 2345 Grand Blvd<br>Street<br>Ste. 2400<br><br>Kansas City (City), MO (State), 64108 (ZIP Code)<br>Country: | Daimler Truck Financial Services USA, LLC | ☐ D ☐ E/F ☑ G |
| 2.5 | Jack Cooper CT Services, LLC | 2345 Grand Blvd<br>Street<br>Ste. 2400<br><br>Kansas City (City), MO (State), 64108 (ZIP Code)<br>Country: | Cerberus Business Finance Agency, LLC | ☑ D ☐ E/F ☐ G |
| 2.6 | Jack Cooper CT Services, LLC | 2345 Grand Blvd<br>Street<br>Ste. 2400<br><br>Kansas City (City), MO (State), 64108 (ZIP Code)<br>Country: | Daimler Truck Financial Services USA, LLC | ☐ D ☐ E/F ☑ G |
| 2.7 | Jack Cooper Diversified II, LLC | 2345 Grand Blvd<br>Street<br>Ste. 2400<br><br>Kansas City (City), MO (State), 64108 (ZIP Code)<br>Country: | Cerberus Business Finance Agency, LLC | ☑ D ☐ E/F ☐ G |

| | Codebtor | Address | Creditor | Schedule |
|---|---|---|---|---|
| 2.8 | Jack Cooper Diversified II, LLC | 2345 Grand Blvd, Ste. 2400, Kansas City, MO 64108 | Daimler Truck Financial Services USA, LLC | ☐ D ☐ E/F ☑ G |
| 2.9 | Jack Cooper Equipment Leasing, LLC | 2345 Grand Blvd, Ste. 2400, Kansas City, MO 64108 | Cerberus Business Finance Agency, LLC | ☑ D ☐ E/F ☐ G |
| 2.10 | Jack Cooper Holdings, LLC | 2345 Grand Blvd, Ste. 2400, Kansas City, MO 64108 | Cerberus Business Finance Agency, LLC | ☑ D ☐ E/F ☐ G |
| 2.11 | Jack Cooper Holdings, LLC | 2345 Grand Blvd, Ste. 2400, Kansas City, MO 64108 | Daimler Truck Financial Services USA, LLC | ☐ D ☐ E/F ☑ G |
| 2.12 | Jack Cooper Investments, Inc. | 2345 Grand Blvd, Ste. 2400, Kansas City, MO 64108 | Cerberus Business Finance Agency, LLC | ☑ D ☐ E/F ☐ G |

| | Codebtor | Address | Creditor | Schedules |
|---|---|---|---|---|
| 2.13 | Jack Cooper Investments, Inc. | 2345 Grand Blvd<br>Street<br>Ste. 2400<br>Kansas City, MO 64108<br>City, State, ZIP Code<br>Country | Daimler Truck Financial Services USA, LLC | ☐ D<br>☐ E/F<br>☑ G |
| 2.14 | Jack Cooper Logistics II, LLC | 2345 Grand Blvd<br>Street<br>Ste. 2400<br>Kansas City, MO 64108<br>City, State, ZIP Code<br>Country | Cerberus Business Finance Agency, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.15 | Jack Cooper Rail & Intermodal, LLC | 2345 Grand Blvd<br>Street<br>Ste. 2400<br>Kansas City, MO 64108<br>City, State, ZIP Code<br>Country | Cerberus Business Finance Agency, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.16 | Jack Cooper Transport Company, LLC | 2345 Grand Blvd<br>Street<br>Ste. 2400<br>Kansas City, MO 64108<br>City, State, ZIP Code<br>Country | Cerberus Business Finance Agency, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.17 | Jack Cooper Transport Company, LLC | 2345 Grand Blvd<br>Street<br>Ste. 2400<br>Kansas City, MO 64108<br>City, State, ZIP Code<br>Country | Daimler Truck Financial Services USA, LLC | ☐ D<br>☐ E/F<br>☑ G |

| | Name | Address | Creditor | Schedules |
|---|---|---|---|---|
| 2.18 | JC Intermediate Holdings, Inc. | 2345 Grand Blvd (Street); Ste. 2400; Kansas City (City), MO (State), 64108 (ZIP Code); Country | Cerberus Business Finance Agency, LLC | ☑ D ☐ E/F ☐ G |
| 2.19 | JC Intermediate Holdings, Inc. | 2345 Grand Blvd (Street); Ste. 2400; Kansas City (City), MO (State), 64108 (ZIP Code); Country | Daimler Truck Financial Services USA, LLC | ☐ D ☐ E/F ☑ G |
| 2.20 | JC Parent Corporation | 2345 Grand Blvd (Street); Ste. 2400; Kansas City (City), MO (State), 64108 (ZIP Code); Country | Daimler Truck Financial Services USA, LLC | ☐ D ☐ E/F ☑ G |
| 2.21 | JC TopCo, Inc. | 2345 Grand Blvd (Street); Ste. 2400; Kansas City (City), MO (State), 64108 (ZIP Code); Country | Daimler Truck Financial Services USA, LLC | ☐ D ☐ E/F ☑ G |
| 2.22 | North American Auto Transportation, LLC | 2345 Grand Blvd (Street); Ste. 2400; Kansas City (City), MO (State), 64108 (ZIP Code); Country | Cerberus Business Finance Agency, LLC | ☑ D ☐ E/F ☐ G |

| | | | | |
|---|---|---|---|---|
| 2.23 | North American Auto Transportation, LLC | 2345 Grand Blvd<br>Street<br>Ste. 2400<br><br>Kansas City, MO 64108<br>City, State, ZIP Code<br><br>Country | Daimler Truck Financial Services USA, LLC | ☐ D<br>☐ E/F<br>☑ G |

**Fill in this information to identify the case:**

Debtor Name: In re : Jack Cooper Rail and Shuttle, LLC

United States Bankruptcy Court for the: District of Delaware

Case number (if known): 25-10412 (BLS)

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☑ *Schedule H: Codebtors* (Official Form 206H)
- ☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____________
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☐ Other document that requires a declaration ____________

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 03/21/2025
MM / DD / YYYY

✖ / s / Gregory D. Endecott
Signature of individual signing on behalf of debtor

Gregory D. Endecott
Printed name

Designated Officer
Position or relationship to debtor

**In re: Jack Cooper Rail and Shuttle, LLC**
**Case No. 25-10412**
Schedule A/B 47
Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles

| Ownership type | Year | Make | Model | Identification Number (i.e. VIN, HIN or N-number) | Location | Net book value of debtor's interest (where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|---|---|---|---|
| Owned | 2013 | FORD | Passenger Van | 1FBNE3BL0DDA35107 | Dearborn | $0.00 | | Undetermined |
| Owned | 2017 | FORD | Passenger Van INOP 1/31/24 | 1FBZX2ZM6HKA52242 | Dearborn | $0.00 | | Undetermined |
| | | | | | **TOTAL:** | **$0.00** | **TOTAL:** | **Undetermined** |

**In re: Jack Cooper Rail and Shuttle, LLC**
**Case No. 25-10412**
Schedule A/B 55
Real property

| Description of property | Location of property | Nature and extent of debtor's interest in property | Net book value of debtor's interest (where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|---|
| 100 Rail Ties | MILEPOST 13.28 TO MILEPOST 13.48 Dearborn, MI 48120 | Leasehold Improvement | $0.00 | | Undetermined |
| Dearborn Gate | MILEPOST 13.28 TO MILEPOST 13.48 Dearborn, MI 48120 | Leasehold Improvement | $0.00 | | Undetermined |
| Building | MILEPOST 13.28 TO MILEPOST 13.48, DEARBORN SUBDIVISION, Dearborn, MI, 48120 | Leasehold | $0.00 | | Undetermined |
| | | **TOTAL:** | **$0.00** | **TOTAL:** | **Undetermined** |

**In re: Jack Cooper Rail and Shuttle, LLC**
**Case No. 25-10412**
Schedule A/B 77
Other property of any kind not already listed

| Other property of any kind not already listed | Due From | Current value of debtor's interest |
|---|---|---|
| Intercompay Receivable | Jack Cooper CT Services, LLC | $61,731.32 |
| Intercompay Receivable | Jack Cooper Transport Company, LLC | $1,137,347.53 |
| | **TOTAL:** | **$1,199,078.85** |